## STOCK GROWERS NAT. BANK OF CHEYENNE v. CROSBY, ET AL.

(No. 1500; January 17, 1929; 273 Pac. 679)

John F. Delaney of Cheyenne, and H. C. Brome and Thomas M. Hyde both of Basin, for appellant.

C. A. Zaring, for respondent.

*John F. Delaney,* additional brief for appellant.

BLUME, Chief Justice.

Appellants brought this suit against respondent on a promissory note dated March 8, 1922, due four months after date, with interest and attorney fees. The note is set forth *verbatim* in the petition, was made to the Big Horn County Bank, and is alleged in the petition to have

been duly endorsed and sold to the appellant before maturity. It is also alleged that the plaintiff is the owner and holder of the note, and the petition prays for judgment for the face of the note and interest and attorney fees. The answer in the case, is according to the brief of respondents filed herein, as follows: That defendants admit the execution of the note, admit its transfer by the Big Horn County Bank to the plaintiff, deny every other allegation in plaintiff's petition, and allege that nothing is due on the note from the defendants to the Big Horn County Bank or to the plaintiff. The case was tried to the court without the intervention of a jury. Appellant offered the original note, including the stamp on the back thereof, in evidence, to which no objection was made, and thereupon plaintiff rested. The defendant introduced no evidence but made a motion for judgment in favor of the defendants and against the plaintiff, for the reason that plaintiff had wholly failed to establish the allegations contained in the petition. This motion was sustained and judgment was thereupon entered that appellant take nothing by its suit. From this judgment an appeal has been taken to this court. A motion to dismiss the appeal was filed on the ground of the defective character of the certificate to the record on appeal, and because it did not sufficiently appear that the record on appeal was filed. Appellant, at the time of the oral argument herein, suggested a diminution of the record, supported by affidavit. The record was thereupon permitted to be withdrawn for correction and the defects complained of, if defects at all, have been corrected, so that the motion to dismiss must be denied, and we need not consider that phase of the case any further.

The judgment which the court entered is obviously erroneous under the facts heretofore stated. Counsel for respondents say that plaintiff did not identify the note. Just what is meant by that we do not know. Perhaps

counsel means that when the note was introduced in evidence it was not stated that it was the note in suit. But it was stated that it was the "original note," which could mean nothing except the note in suit. It was admitted in evidence without objection, and a comparison thereof with the note set out in the petition would show whether or not it was in fact the note in suit. Comparing the latter with that introduced in evidence, it is clear that the identification was sufficient. Besides, the execution of the note in suit was admitted, and it is doubtful whether it was necessary to introduce it in evidence at all, at least for the purpose mentioned.

Counsel for the respondents further say that plaintiff offered no evidence to show that there was anything due on the note, and they contend that the burden of proof on this point was on the plaintiff. But this contention cannot be sustained. Nothing appears on the note introduced in evidence or as shown in the pleadings which indicates that any part of the note has been paid. Its transfer to and therefore possession by appellant was admitted. Further, when introduced in evidence by counsel for appellant, it was in appellant's possession. These facts raised a presumption that the note had not been paid, and appellant was not required to introduce any further evidence on that point. 3 R. C. L. 1285; Levy v. Henderson, 177 Cal. 21, 169 Pac. 673; Light v. Stevens, 159 Cal. 292, 113 Pac. 659. In the last cited case it was said:

"Admittedly the burden of proving payment of the note was on defendant. It is elementary that the possession of the note by the payee, bearing no endorsement of payment, raises a presumption of non-payment of any portion of the amount thereof. * * * This presumption is well supported by reason, and in the absence of proof of other facts reasonably warranting an inference of payment, must prevail."

Counsel for respondents also claim that appellant could not recover because it did not show that the note was endorsed, transferring ownership to it, and because no evidence was introduced showing ownership in plaintiff at the time of the trial. And they say, among other things:

"While it is true that the answer admits that the note was transferred by the Big Horn County Bank to the plaintiff, yet this admission cannot be construed to be that the plaintiff became the holder and was the holder and owner at the time of the trial."

Counsel and the trial court, had in mind, perhaps, the case of Capitol Hill State Bank v. Rawlins National Bank, 24 Wyo. 423, 160 Pac. 1171, 11 A. L. R. 937, in which it was held that under certain circumstances at least, the introduction in evidence of a note does not also introduce the endorsement thereon, and further that the possession of a note by a party other than a payee does not in itself raise a presumption of ownership if not endorsed or transferred. But the case is not at all controlling in the case at bar, for it is admitted in this case that the note was transferred to the appellant, and when such transfer was once shown or admitted, the court, of course, would not presume a further transfer, but would rather presume that the transferee who once became such, would continue to be the transferee to the time of the trial. Whether, when it was admitted that the note was transferred to appellant, it was an admission that the transfer was by endorsement, need not be decided, for in the absence of a valid defense to the note, it would be wholly immaterial whether the appellant became owner by endorsement, so as to make it a holder in due course, or whether the transfer was what constitutes a simple assignment. An assignment may be effectuated in an informal manner. It need not even be in writing, and ap-

pellant could become the owner of the note in suit by such assignment so as to become the real party in interest and so as to sue thereon in its own name without any endorsement on the note. That was the rule prior to the adoption of the Negotiable Instruments Law and was in no manner changed by that law. 8. C. J. 383; O'Connor v. Slatter, 48 Wash. 493, 93 Pac. 1078; Johnson v. Banking Company, 64 Utah 43, 228 Pac. 189; Manhattan Chamber of Commerce v. Gallagher, 123 Kans. 155, 254 Pac. 345; Cosmopolitan Trust Co. v. Leonard Watch Co., 249 Mass. 14, 143 N. E. 827; Maddox v. Robbert, 165 La. 694, 115 So. 905; Reynolds v. Gregg, (Tex. Civ. App.) 258 S. W. 1088. Such an assignment, at least, was shown by the admission made by the respondents and was sufficient to sustain the allegation of ownership made in the petition. Because the further allegation that appellant was endorsee was not shown was no justification for the judgment. Plaintiff was not required to show all of the allegations of the petition if sufficient was shown to make a *prima facie* case for recovery. That was done. We need not determine as to whether or not any attorney fees could have been allowed without further proof. It follows that the judgment of the District Court must be reversed and the cause remanded for a new trial. It is so ordered.

*Reversed and Remanded.*

KIMBALL and RINER, JJ., concur.