CUMBERLAND GROCERY COMPANY v. ALVIN C. YORK.

Middle Section.    February 8, 1929.

W. A. Garrett, of Jamestown, for plaintiff in error, York.
J. W. Evans, of Jamestown, for defendant in error, Grocery Co.

CROWNOVER, J. This was an action by the Cumberland Grocery Company on a probated account of $61.32 coming from the State of Kentucky and against the defendant Alvin C. York, who denied the account under oath. The action was tried by the judge without the intervention of a jury and he rendered a judgment for the plaintiff. The defendant's motion for a new trial was overruled and he has appealed in error to this court, and has assigned two errors which are in substance, that the court erred in rendering a judgment against him: (1) Because there was no evidence to support the judgment, and (2) That the court erred in rendering judgment on the sworn account because the Notary's seal was not attached to the affidavit, and the defendant having denied it under

oath, the burden of proof was on the plaintiff, and it failed to introduce any evidence as to its account.

It will thus be seen that there is only one determinative proposition raised in the case and that is, whether the plaintiff has made out its case.

The record is brief. The plaintiff brought suit before a Justice of the Peace, on an itemized probated account, and the defendant York denied the account under oath. The suit was appealed to the circuit court where it was tried by the judge without a jury. The plaintiff read the account in evidence and introduced one witness, the freight agent at Sunbright, Morgan county, Tennessee, who testified that as the freight agent for the Southern Railroad he delivered on July 10, 1925 a shipment of tobacco to one C. Delk who claimed to be the agent for the defendant York, and took his receipt therefor, which was filed in evidence; that the shipment was made by the R. J. R. Company from West Salem, North Carolina to Alvin C. York at Sunbright, Tennessee. From the freight receipt it will be seen that there were four packages of tobacco, but the agent stated that he did not know whether this tobacco was the same for which suit was brought and did not know whether defendant owed the plaintiff anything, that Alvin C. York had received a number of shipments which had been delivered to C. Delk who signed the receipts, "Alvin C. York per C. Delk," and that he had also delivered other shipments for defendant York to other parties and that he had no connection whatever with this account.

The plaintiff closed its case without taking other testimony and the defendant announced that he also closed. The court rendered a judgment in favor of the plaintiff for $61.32.

After an examination of the record we are constrained to hold that the plaintiff's first assignment of error is well taken and that there is no material evidence to support the judgment.

Where an action is brought on a probated account the denial under oath makes an issue and puts the plaintiff to the proof of his account. See Shannon's New Code, 5561, note 5; Cave v. Baskett, 3 Humph., 342-343; Brien v. Peterman, 3 Head, 498, 500.

The defendant's denial under oath is a plea of nil debet, and puts the burden of proof upon the plaintiff to prove his account. See Caruther's History of a Lawsuit, 5 Ed., 193-194.

The probated account is not evidence, and there is no proof as to the amount or the value of the tobacco, neither is there any proof that the tobacco for which the account was made was delivered to the defendant, and there is no proof to identify the tobacco delivered by the freight agent on July 10th to one C. Delk,

nor is there any evidence that Delk was the agent of the defendant. In other words, the plaintiff has wholly failed to make out its case.

The general principles of evidence apply to the proof of accounts. The ordinary way of proving accounts is of course to prove each item thereof, the quantity and value, unless an implied or express assent to the correctness of the account can be shown. The correctness of an account, may, like any other fact, be established by circumstantial evidence, but the circumstances must not be too remote or far-fetched, but must be such as to afford a reasonable proof of the existence of the fact attempted to be deducted therefrom. See 1 C. J., 661, 662, sec. 185.

It results that the first assignment of error must be sustained.

The second assignment of error in so far as it attacks the probated account because the seal of the Notary was not attached to the affidavit is not well taken, for the reason that the defendant waived this irregularity by filing his denial under oath. See Loeb v. Nunn, 4 Heisk., 449, 450; Seifreid v. Bank, 2 Tenn. Chy., 19; 1 C. J., 668, sec. 204.

However the balance of the second assignment raises the same proposition as the first assignment, and the burden of proof being upon the plaintiff he failed to make out his case, and to this extent the second assignment is also sustained.

It results that the assignments of error must be sustained and the judgment of the circuit court will be reversed and the suit dismissed. The cost of the cause, including the cost of the appeal is adjudged against the defendant in error Cumberland Grocery Company, for which execution may issue.

Faw, P. J., and DeWitt, J., concur.