[Civ. No. 7199. Third Dist. Apr. 13, 1946.]

MANUEL V. SILVA, Appellant, v. L. M. LINNEMAN et al., Respondents.

Sefton & Quattrin and Seibert L. Sefton for Appellant.

H. K. Landram for Respondents.

THOMPSON, J.—From a judgment that plaintiff take nothing in this suit to recover an alleged balance due upon contract for expenses incurred incident to the maintenance of a dairy enterprise, this appeal was perfected.

The complaint is couched in three counts. The first cause of action alleges that an unpaid balance of $2,250.38 is due plaintiff according to the terms of a contract attached to the complaint, for one-half of the purchase price of hay, feed and concentrates and for the expense incurred in testing cows incident to the operation of a dairy. The second cause is for the same amount alleged to be due plaintiff for money expended at the request and for the benefit of defendants. The

third count is for an alleged balance due plaintiff for money collected by defendants from the United States Government as subsidies on sales of butterfat produced from the operation of the dairy.

The defendants denied the material allegations of the complaint. They demanded a bill of particulars under section 454 of the Code of Civil Procedure, which was furnished, a copy of which appears in the transcript. After trial the court adopted findings determining that defendants had fully performed the covenants of the agreement and that they did not owe plaintiff said sums demanded, or any sum whatever. Judgment was thereupon rendered against plaintiff to the effect that he take nothing by his action.

The defendants are husband and wife. They own a 208-acre dairy ranch, together with a dwelling house, barns and improvements thereon. They are not dairymen or farmers. June 3, 1941, they executed a written contract with plaintiff, an experienced dairyman, by the terms of which the latter agreed to furnish not less than sixty milk cows the first year, and one hundred and twenty cows thereafter, and to operate a dairy on the premises. Defendants agreed to supply the "water, hay, pasturage, and one-half of all concentrates . . . *that may be required* to fully and amply feed and sustain the dairy cows." Fifty acres of the land was first devoted to pasturage. In 1942 defendants produced ninety additional acres of alfalfa and thirty acres of clover for feeding the cattle. The following year they produced Sudan grass, vetch and clover and obtained therefrom four hundred tons of ensilage for use of the cattle. In 1943 they "doubled the Ladino clover to 100 acres and raised 70-80 acres of alfalfa in addition to some oats and vetch." Plaintiff's witness, Mr. Truttman, testified that "At one time there was as high as 120 cows of the plaintiff on the ranch," but that "during most of the time he had charge of the ranch, there was only about 100 cows belonging to Mr. Silva." He said that defendants had about twenty cows of their own, which were fed on the premises. The defendants received 47½ per cent of the proceeds from the dairy products.

The chief controversy was over asserted exorbitant expenditures for concentrates, especially in summer months. Plaintiff alleged that he expended some $1,800 for feed and seed in September, 1943, and nearly $1,400 more in June and July of that year, together with an additional sum of $1,500 in

February and March of the same year, as against a cost of about $800 for the same purpose for the entire preceding year, and only about $675 for the same purpose in 1941. In October, 1942, the defendants complained of the excessive cost of concentrates claimed to have been used, and it was agreed that the contract would be terminated October 13, 1943. Plaintiff's cattle were removed at that time. The defendant, Mr. Linneman, testified that he knew nothing about the use of concentrates, and that he objected to including in the contract the provision for paying for such feed, but that Silva then explained to him that concentrates were used only as supplementary feed for stock ''during the winter months'' and that it would cost ''only a few cents a day.'' The contract therefore provided that defendants would pay for one-half of the concentrates ''that may be required to fully and amply feed and sustain the dairy cows'' for dairy purpose. Clearly the contract contemplated only the use of concentrates *necessary* for supplemental feeding of the stock after all natural grass and feed produced on the ranch had been consumed by the cattle.

The defendant, Mr. Linneman, testified that at all times there was sufficient green feed produced on the ranch to feed the stock. Harold Dye and Emory O'Banion, experienced dairymen, each testified that in his opinion the defendants' ranch produced sufficient green feed to adequately supply the dairy herd with necessary food, except, possibly, during the winter months. All witnesses appeared to agree that concentrates are customarily used as supplemental feed for dairy cattle only in the winter months when green feed is scarce.

The court found that defendants had fully paid plaintiff one-half of the entire cost of all hay, feed and concentrates purchased ''which were required to fully and amply feed and sustain the dairy cows,'' and that plaintiff had purchased ''certain feed and concentrates *that were not required* or necessary'' for that purpose.

We are of the opinion the evidence is adequate to support the findings and judgment. The contract does not contemplate an unlimited use of concentrates, but only so much as is necessary for adequate supplementary feeding of the dairy cows under the circumstances and conditions existing on the ranch. There is sufficient evidence to support the conclusion that the use of concentrates was required only during the winter months, and that plaintiff's demand in-

cludes an excessive amount of concentrates alleged to have been purchased in the years 1942 and 1943. The plaintiff failed to support his claim that defendants owe him any sum in addition to that which they actually contributed to expenses of the dairy business as provided by the contract, or otherwise.

Moreover, the plaintiff failed to adduce competent proof of his allegations of a specific sum of the alleged expenditures contained in the complaint or in the bill of particulars which he furnished defendants at their request. It does not appear that the bill of particulars was offered or received in evidence, and no witness testified to plaintiff's alleged expenditure of any of said sums. There is evidence merely that defendants received a copy of that bill of particulars. It was dated November 18, 1941. It does appear that Mr. Linneman wrote a letter to Joseph A. Enos, plaintiff's manager of the dairy ranch, or his associate, dated February 1, 1943, in which he said: "I have been unable to answer your *letter of January 16, 1943*, concerning the operations at my ranch." That letter evidently had no reference to the bill of particulars. We have no means of knowing what was contained in plaintiff's letter referred to. But the defendant did specifically object to certain claims mentioned *in the letter*, and concluded by saying: "The extreme contrast between the cost of concentrates for this year, and the production for this year, compared to those for last, makes my position in this regard even clearer."

There is ample evidence that defendants did not admit the accuracy of plaintiff's demands in either the complaint or the bill of particulars. There is no competent evidence of the respective amounts alleged to have been expended by plaintiff for concentrates, or for any other purpose.

■ This is not a suit based on an alleged stated account or on an open book account. The bill of particulars furnishes no competent proof of the alleged expenditures enumerated therein, even though we assume that it was received in evidence. A bill of particulars merely amplifies the allegations of the complaint, and it is deemed to constitute a part of that pleading. It is in the nature of a more specific allegation of the facts recited in the complaint, and requires proof of each item contained therein, just as a complaint does. It has the effect merely of limiting plaintiff's evidence to the specific items therein. It does not take the place of necessary evidence in proof of the alleged cause of action. (*Edelman* v. *McDonell*, 126 Cal. 210, 213 [58 P. 528]; *Kurokawa* v. *Sa-*

*royan,* 95 Cal.App. 772, 775 [273 P. 613]; *Abbott* v. *Limited Mutual Comp. Ins. Co.,* 30 Cal.App.2d 157 [85 P.2d 961]; 21 Cal.Jur. 69, § 43; 8 A.L.R. 550, note.) It follows that, in this case, there is no competent proof that plaintiff expended the sums of money for hay, feed, concentrates or for testing the cows, which are alleged in the bill of particulars.

■ The only way that an account can ordinarily be proved is by adducing evidence of the several items contained therein. Oral evidence by individuals possessing personal knowledge of the transactions is the best evidence of the asserted expenditures of an account, where it is not pleaded and relied upon as a stated account. (*Cowdery* v. *McChesney,* 124 Cal. 363 [57 P. 221].)

■ Finally, the appellant contends that, even if he did buy an excessive amount of concentrates, the supplemental feeding resulted in an increased amount of butterfat, the proceeds from sales of which inured to the benefit of the defendants, and that, having accepted the benefits of such use of concentrates, they are estopped from denying the validity of the transactions. (Citing 10 Cal.Jur., p. 647.) There is evidence that Mr. Linneman "received credits" for certain specified amounts of cash paid to defendants on account of the contract. ■ An alleged estoppel in pais must ordinarily be pleaded with sufficient accuracy to disclose the facts relied upon. (*Producers Holding Co.* v. *Hill,* 201 Cal. 204, 209 [256 P. 207]; 10 Cal.Jur. 653, § 30.) ■ Moreover, the burden is on one who relies on an equitable estoppel to prove affirmatively all of the elements constituting the asserted estoppel. (*General Motors Acceptance Corp.* v. *Gandy,* 200 Cal. 284, 295 [253 P. 137]; 31 C.J.S. 454, § 160.) ■ The present case lacks both the necessary pleading and proof of the essential elements of the asserted estoppel.

The judgment is affirmed.

Adams, P. J., and Peek, J., concurred.