FELGER, Assignee, Plaintiff and Respondent, v. KOZLOWSKI and another, Defendants: SUPERIOR CAST STONE COMPANY, INC., Defendant and Appellant.

*September 30—October 27, 1964.*

---

For the appellant there was a brief by *James D'Amato,* attorney, and *Robert T. McGraw* and *James J. Caldwell* of counsel, all of Waukesha, and oral argument by *Mr. Caldwell.*

For the respondent there was a brief by *Herbert L. Usow,* attorney, and *Robert L. Sanderson* of counsel, both of Milwaukee, and oral argument by *Mr. Usow.*

FAIRCHILD, J. Economy was adjudicated a bankrupt. Among its records were a copy of a statement of an account receivable and copies of supporting invoices reflecting seven sales of goods by Economy to Superior in January, 1960, at a total net price of $2,071.64. Plaintiff claimed that this account was assigned to him by the trustee in bankruptcy.

Upon the trial, Superior contended that it was an agent for Economy in these transactions; that they were actually sales to others; and that Superior's only obligation was to remit amounts collected from the ultimate purchasers. The county court found, however, that these were sales to Superior, and this finding is not challenged on appeal.

Counsel for Superior does attack the sufficiency of plaintiff's proof of his title to the account.

A plaintiff suing as assignee of a debt must prove a valid assignment in order to sustain his cause of action.[1] He must establish that there was a cause of action, assignable in nature, and that it has been assigned to him.[2] The assignee is not required to prove the negative of such defenses as payment.[3]

The record in the present case discloses the following: A cause of action in favor of Economy arose in 1960. Whatever interest Economy retained at the time of bankruptcy was transferred to the trustee by operation of law. Plaintiff produced a certified copy of an order of the referee in bankruptcy, entered after hearing upon notice to creditors, authorizing the trustee to sell to plaintiff for $100 whatever interest the trustee had in this and a number of other uncollected accounts receivable. Plaintiff testified that he purchased these accounts from the trustee and was given a copy of the order. He received no written assignment, but all records of Economy pertaining to the account were turned over to him. He produced the copies of the statement and supporting invoices. Mr. Hogan, the managing officer of Economy, identified them as records of Economy. The statement produced was a carbon copy of an original which had been sent to Superior, and the "sheets of Exhibit 6" reflected the transactions appearing in the statement.

We deem that this record establishes a *prima facie* case of a valid assignment to plaintiff.

Counsel argues that the order of the bankruptcy court was not sufficient proof of an assignment. Standing alone, it merely showed that the trustee was authorized to sell the account to plaintiff. Plaintiff's testimony, and the delivery to

---

[1] *Johnson v. Vickers* (1909), 139 Wis. 145, 120 N. W. 837; *Estate of White* (1936), 223 Wis. 270, 277, 270 N. W. 34.

[2] 6 C. J. S., Assignments, p. 1198, sec. 139 (b) (2); *Citizens Nat. Bank v. Rawley* (1936), 131 Neb. 10, 267 N. W. 151.

[3] 6 C. J. S., Assignments, p. 1201, sec. 140 (b) (1).

him of Economy's records of the account sufficiently established that the trustee did sell the account to him, as authorized.

Counsel for Superior points to certain testimony with respect to Exhibit 6 and contends that it appears therefrom that the account sued upon had been assigned to another by Economy before bankruptcy. Exhibit 6, as clearly appears from the testimony, consisted of a number of papers. Evidently some of them bore a stamped legend indicating an assignment of the "within account receivable" to the City Bank & Trust Company. Mr. Hogan testified that some of the papers in Exhibit 6 bore his signature and some did not, and, further:

"*Q.* What is the purpose of the signature on that document? *A.* The signature on the papers in Exhibit No. 6 are an indication that the account had been assigned to the City Bank and Trust Company.

"*Q.* And where your signature appears on these instruments, the same applies to each, is that right? *A.* When they are signed over the stamp that appears in the lower left-hand corner, yes, that is the indication."

Unfortunately, the complete Exhibit 6 is not before us, but counsel have agreed that we consider what is here. We have one invoice, numbered 700, dated September 2, 1959, invoicing goods to Superior at $62.50. It bears the assignment legend and Hogan's signature, dated September 3, 1959. We also have the invoices which relate to the sales in January, 1960, which appear on the statement of account, and are the foundation of the judgment entered in the county court. None of these bear the assignment legend. Mr. Hogan's testimony suggests that there were other sheets in Exhibit 6 which did bear assignments, but the record does not include them, nor show that they were material to the January, 1960, transactions. The assignment dated September 3, 1959, which is here, is irrelevant to the later trans-

actions. In our view the record does not sustain the claim made by Superior that the cause of action sued upon had been assigned by Economy before bankruptcy so that it did not pass to the trustee.

*By the Court.*—Judgment affirmed.