TELEFUNKEN SALES CORPORATION, Respondent, v. KOKAL, formerly known as Bernice A. Weber, individually, and formerly d/b/a Allan's Camera Center, Appellant.

*No. 81. Argued March 29, 1971.—Decided May 7, 1971.*
(Also reported in 186 N. W. 2d 233.)

For the appellant there was a brief by *Frisch, Dudek, Slattery & Denny*, attorneys, and *Edward A. Dudek* and *C. Michael Hausman* of counsel, all of Milwaukee, and oral argument by *Mr. Hausman*.

For the respondent there was a brief by *Kohner, Mann & Kailas*, attorneys, and *Robert L. Mann* of counsel, all of Milwaukee, and oral argument by *Robert L. Mann*.

HEFFERNAN, J. We are satisfied that the evidence adduced by Telefunken was sufficient to show a prima facie case. In the defendant's answer, she contended that there had been no indebtedness to Telefunken as alleged in the complaint and that no payment had been made on these accounts. The testimony of MacFall was clearly sufficient to show that the indebtedness had been incurred and that the accounts in fact existed. The plaintiff sustained its burden of showing the existence of these accounts, alleged in its complaint. The defendant, by failing to dispute the existence of the accounts by putting in evidence of their nonexistence or of their

payment, acquiesced in the plaintiff's proof when it moved to rest. The burden of proving the correctness and existence of an open account is on the plaintiff. *Silva v. Linneman* (1946), 73 Cal. App. 2d 971, 167 Pac. 2d 794; 1 Am. Jur. 2d, *Accounts and Accounting*, p. 391, sec. 19. All evidence tending to show the existence and correctness of an account is admissible, and circumstantial evidence may be used to prove the existence and correctness of the accounts. *Cumberland Grocery Co. v. York* (1929), 9 Tenn. App. 316; 1 C. J. S., *Account, Action on*, pp. 606, 607, sec. 16b. Ordinarily, an account may be proved by proving the date, correctness of the charges, and the reasonableness of the items of the account. While an account can be proved by the methods set forth in the manner provided in sec. 889.22, Stats. (notice to admit facts), the oral testimony of individuals with personal knowledge of the transactions involved is the most persuasive evidence of the existence and correctness of the accounts. *Silva v. Linneman, supra; O'Connor v. Egan* (Mo. App. 1955), 274 S. W. 2d 334.

In this case MacFall testified that he had ordered this merchandise for the Camera Center owned by Bernice A. Kokal and that the merchandise was delivered by Telefunken. He also testified as to the date, correctness, and the charge made for each item in the account. While, admittedly, his evidence only established his knowledge as of November 9, 1967, the date when the Camera Center business was returned to the management of Bernice A. Kokal, that account necessarily remained in existence until the time of trial unless it was paid or otherwise discharged. Payment and discharge are, however, affirmative defenses, which must be pleaded and proved. *Debelak Bros., Inc. v. Mille* (1968), 38 Wis. 2d 373, 157 N. W. 2d 644; *Estate of Happel-Bossi: Baehr*

*v. Buell* (1907), 133 Wis. 119, 113 N. W. 433; 70 C. J. S., *Payment,* pp. 282, 283, sec. 81. The plaintiff need only prove the debt. He need not prove the negative of these affirmative defenses in order to establish a cause of action for debt. *See Felger v. Kozlowski* (1964), 25 Wis. 2d 348, 130 N. W. 2d 758.

The trial in this case was held in November of 1969, and the proof of the existence and the amount due on the account in November of 1967, in the absence of other evidence, is sufficiently probative to support a finding that the account in the same amount existed at the time of trial. The court erred in concluding that the testimony of MacFall was insufficient to make a prima facie showing that the debt was due and owing at the time of trial and, in effect, concluding that it was the duty of the plaintiff to prove the negative of any affirmative defenses that the defendant might have. The initial motion of the defendant to limit the probative effect of MacFall's testimony should have been denied.

It is equally apparent that, in the ordinary circumstances where a prima facie case has been presented by the plaintiff and the defendant declines to assert any defenses, a judgment for the plaintiff on the merits is appropriate. Since the court declined to rule on the merits, despite the all-or-nothing position taken by the defendant on this appeal, we conclude, in view of the procedural status of this case, that the defendant should have an opportunity to produce whatever defenses she may have to the prima facie case submitted at trial by the plaintiff.

*By the Court.*—Judgment reversed and cause remanded for further proceedings consistent with this opinion, costs to be taxed by the respondent.