William S. EDMONDS, Executor of the Estate of John N. Igo, Deceased, Appellant (Defendant below),

v.

The VALLEY NATIONAL BANK OF ARIZONA, a National banking association, Appellee (Plaintiff below).

No. 4258.

Supreme Court of Wyoming.

Jan. 4, 1974.

William S. Edmonds, pro se.

E. J. Herschler, Kemmerer, for appellee.

Before PARKER, C. J., McEWAN, GUTHRIE, and McCLINTOCK, JJ., and PEARSON, District Judge (Retired).

Mr. Justice GUTHRIE delivered the opinion of the court.

This is an appeal from a summary judgment entered against William S. Edmonds, as the executor of the estate of John N. Igo, deceased, in favor of the Valley Na-

tional Bank of Arizona, a national banking association, plaintiff, upon a two-count complaint—the first based upon a balance due under a Master Charge credit card, and the second on a promissory note. The court entered judgment on the credit card account in the sum of $750.77, together with accrued interest and service charges in the amount of $106.08, and for the sum of $2800 on the promissory note, together with accrued interest in the amount of $301.40, and the further sum of $700 in attorney's fees.

Appellant seeks reversal or modification of this judgment on the following grounds:

"1. The claims are insufficient in their present form.

"2. The claims should be placed in sufficient form before requiring defendant to require satisfactory proof or vouchers to be produced to enable him to pass upon their approval or rejection.

"3. The plaintiff stated no contingent claim for an attorney's fee in its claim and none should be allowed.

"4. The attorney's fee awarded is unreasonable and excessive.

"5. Judgment should be entered against defendant [sic] for its willful refusal to put its claims in the form required by law.

"6. The judgment is indefinite and does not state with particularity what service charges it purports to establish as a claim, nor the amount thereof, and there is no evidence to sustain such finding and judgment.

"7. The affidavit on which summary judgment was rendered states no material facts relative to the merits of the claim, but states only conclusions of law."

The basic facts are these:

John N. Igo died on or before March 25, 1971, and his estate was admitted to probate and the defendant was issued letters testamentary on August 25, 1971. Prior to the appointment of the defendant as such executor the bank submitted two creditors' claims representing these items to the defendant, the creditor's claim on the note being submitted to him by letter dated May 17, 1971, and the claim upon the credit card account under letter dated May 26. On June 18 plaintiff, through its attorney, made inquiry of Edmonds about these claims and in that letter asked for advice as to any objection with regard to these claims. On July 20 plaintiff's attorney mailed a certified letter, which shows receipt by the defendant, stating that should there be any questions regarding either of these claims he was not to hesitate to call or write the bank's attorney and mentioning a telephone conversation of July 19. These, of course, were before defendant qualified as such executor. On September 3, 1971, plaintiff's attorney mailed a letter to defendant, enclosing a copy of the two creditors' claims, the original of which he had filed with the clerk of court of Lincoln County, and conceding that the earlier claims were premature and possibly subject to rejection on that ground. This letter asked for acknowledgment of these claims and again repeated and set out, "Should you have any questions, do not hesitate to write or give me a call." On November 16 the attorney for the bank again wrote a letter to defendant, asking for some indication as to whether he intended to approve or reject these claims and advising if he did not receive some response by November 24 he would assume that the claims had been rejected and would authorize an attorney to file suit. He also suggested the suit was unnecessary and repeated the statement, "Should you have any questions or suggestions in this matter, please advise me before November 24, 1971."

Insofar as the record of the summary judgment is concerned no response was ever made to any of these letters, although in his affidavit defendant does state that he had advised plaintiff's attorney he did not know what merchandise Mr. Igo had purchased and would have to see an itemized statement of the account and generally

stated that he would have to know more about the claims because he had no personal knowledge of them. The record shows no specific inquiry about the promissory note and the only attempt we find in the record to even suggest some request for further information is defendant's statement that he had no personal knowledge whether deceased had received the money mentioned in the note. It is apparent defendant placed great reliance upon the theory that the claims were insufficient.

## SUFFICIENCY OF THE CLAIMS

Defendant, to sustain his position that these claims are insufficient in their present form, suggests a number of defects, several of which are so inconsequential that they do not merit any further mention or discussion. Our statute, § 2-222, W.S.1957, sets out the requirements of a proper claim, and we shall confine our discussion to these requirements. Inasmuch as it is our view the claims are sufficient in their present form there is no necessity for discussion of the second or fifth suggested bases for reversal. Although the argument of the sufficiency of the claims is confused both with statutory requirements and defendant's own ideas of what may be *requirements,* a fair summary of the questions raised appears to us to be as follows:

That the claims are not signed by the creditors or anyone on the creditors' behalf.

That there is a failure to mention the contingency of a suit and the amount which would be claimed as attorney's fees in the event of suit.

That the claim for money due on the account fails to mention one item but claims accruing service charges.

Because this is to be returned for disposal of the claim on the account we need not notice the last.

■ He further claims that J. C. Galipeau was the person whose claims were presented and that his affidavit does not

say why they were not made by the claimant and that he does not recite that he makes the affidavit on behalf of the bank. Both claims clearly demonstrate that they were made on behalf of Valley, and there is no basis for any assertion that they are Galipeau's claims. The statement on the face of one claim is "Balance due on purchases made with credit card of The Valley National Bank of Arizona," and there is attached thereto a credit card application to the bank executed by the deceased. Galipeau does not appear to be a party to the dealings in any way.

The claim for the item represented by the promissory note recites:

"Balance due on that certain Promissory Note, dated March 1, 1971, in the principal sum of $2,800.00, executed by John N. Igo, together with interest at the rate of ten percent (10%) per annum from March 1, 1971. A true and correct copy of said Promissory Note is attached hereto as Exhibit 'A.' "

The copy of the note submitted therewith shows it to be payable to Valley. The affidavit on the back of the claim begins as follows:

"J. C. Galipeau, an Assistant Vice President of THE VALLEY NATIONAL BANK OF ARIZONA, a national banking association, whose foregoing claim is herewith presented * * *"

and later in the affidavit Galipeau is again described as follows:

"an Assistant Vice President of THE VALLEY NATIONAL BANK OF ARIZONA, a national banking association."

An examination of the face of the claims, exhibits attached thereto, and the affidavit, makes appellant's contention that the claims are apparently those of Galipeau completely indefensible. It might be noted at this juncture there is no requirement in § 2-222 that a creditor's claim be signed by the claimant, but only that it be supported by the affidavit of the claimant or someone in his behalf. It is obvious that a corporation cannot itself verify a claim but

must do so by an officer or person authorized to make such affidavit, Park County ex rel. Park County Welfare Department v. Blackburn, Wyo., 394 P.2d 793, 796; 3 Bancroft's Probate Practice, § 816, p. 596 (2d Ed.), and cases cited; and it is impossible for us to conceive that defendant or any other person could not have determined that the bank was the claimant by an examination of the claims and that Galipeau had made the claims on behalf of said creditor.

The matter of the attorney's fee and necessary claim therefor will be discussed hereafter so will not be mentioned at this point.

In raising these objections and in making this argument appellant fails to recognize the teaching of this court in Park County ex rel. Park County Welfare Department v. Blackburn, supra, 394 P.2d at 796–797, wherein we stated:

"We find ample authority for the statement, as a rule to go by, that the requirements for an affidavit supporting a claim against an estate are not intended to make it easier to avoid payment but are intended to make a claimant set forth his claim with such particularity that the person passing upon it will be fully advised as to just what is claimed; and all that is required is substantial compliance. [Citations.]"

This court has earlier mentioned that a sufficient claim was one which would distinguish it from other similar claims along with the nature and amount of the demand, Sowers v. King, 32 Wyo. 167, 238 P. 540, 541.

Appellant's contention is that by virtue of § 2–222 the filing of this action on these claims was premature because he had required vouchers and proof to be produced in support of them. We do find a conflict raised by the affidavit as to whether he did make requests for vouchers and proof upon the claim asserted on the account but we do not find any basis whatever for this contention in respect to the promissory note or any conflict. A copy of a note is sufficient statement of the particularity of the claim, Landis v. Woodman, 126 Cal. 454, 58 P. 857. It might be observed that Edmonds might well have made a demand for these particulars and the information he desired. The statute, § 2–222, clearly places this burden not upon the creditor but upon the executor by virtue of the provision that the representative "may also require vouchers and proof." If Edmonds was uncertain "it was incumbent upon the executor to call for clarification," Syler v. Katzer, 12 Cal.2d 348, 84 P.2d 137, 138, 119 A.L.R. 422; Toney v. Security First Nat. Bank of Los Angeles, 108 Cal.App.2d 161, 238 P.2d 645, 647; Tabata v. Murane, 24 Cal.2d 221, 148 P.2d 605, 610. See also Park County ex rel. Park County Welfare Department v. Blackburn, supra.

## PROPRIETY OF SUMMARY JUDGMENT

The grant of summary judgment on the first count of the complaint, being based upon a claim arising from an account through the use of the Master Charge card, cannot be supported. We agree with the contention of the appellant that it is based upon conclusions of law. The complaint reflects a claim upon an open account arising from various transactions. Under the general denial of Edmonds, plaintiff had the burden of proof upon his claim to include the items, Silva v. Linneman, 73 Cal.App.2d 971, 167 P.2d 794, 797; Telefunken Sales Corp. v. Kokal, 51 Wis.2d 132, 186 N.W.2d 233, 235; 1 C. J.S. Account, Action on § 15, p. 603; 1 Am.Jur.2d Accounts and Accounting, § 19, p. 391. We have recently held that a judgment on an account could not stand when it was sustained solely by a prepared summary of invoices, Harned v. Credit Bureau of Gillette, Wyo., 513 P.2d 650. There is nothing in the character of invoices or nothing in the record detailing the items or transactions from which this claimed balance is due upon the Master Charge account; and plaintiff having failed to sus-

tain its burden, summary judgment was improper, Bon v. Lemp, Wyo., 444 P.2d 333, 335; Kover v. Hufsmith, Wyo., 496 P.2d 908.

█ There is, however, an entirely different situation in considering the judgment entered upon the note set out in the second count. The original executed note appears in the record. The affidavit of J. C. Galipeau states the note was executed by the deceased on March 1, 1971, to Valley and states the amount presently due with the rate of interest and the amount claimed as of February 29, 1972. The only attempt to explain this is Edmonds' statement in his affidavit that *he has no personal knowledge* of this and does not know whether the deceased received the money mentioned in the note. His lack of knowledge does not contravene plaintiff's sworn statement, Rule 56(e), W.R.C.P. Nor does he utilize subsection (f) of said rule when he fails to set out by affidavit facts essential to justify his opposition. Neither is there an explanation made why, when hearing on the summary judgment was had on December 7, 1972—one year and one day after the complaint was filed—he did not secure this information either by interrogatories or other discovery proceedings so that he might present his opposition; nor did he at that time seek a continuance to secure such information. The rule is clear that a party cannot rest upon denials or allegations in his pleadings but must set forth facts showing existence of a genuine issue, Rule 56(e), W.R.C.P., and this burden is upon him, Western Standard Uranium Company v. Thurston, Wyo., 355 P.2d 377, 384. It should not be necessary to repeat that the last two sentences of Rule 56(e) are self-explanatory and not deserving of comment, Vipont Mining Co. v. Uranium Research and Development Co., Wyo., 376 P.2d 868. When the note, along with the affidavit of Galipeau, was placed before the court the plaintiff established a prima facie case; and if appellant sought a judgment in his favor he should have produced a showing to overcome this pri-

ma facie evidence, State Bank of Wheatland v. Bagley Bros., 44 Wyo. 244, 11 P.2d 572, 579–580, rehearing denied 44 Wyo. 456, 13 P.2d 564. The introduction of the note showing the amount due, being in Valley's possession, raises a presumption that the note had not been paid and plaintiff was not required to introduce any further evidence on this point, Stockgrowers' Nat. Bank of Cheyenne v. Crosby, 39 Wyo. 454, 273 P. 679; and Edmonds in no manner having contravened this, we find no conflict upon any genuine issue of material fact insofar as this count is concerned.

## ATTORNEY'S FEES

Appellant's brief notes that Valley's position is that the recital in the note providing for attorney's fees constituted a contingent claim and concedes there is authority to support that view. He concludes that it would have been better practice to have shown such contention in the claim and that this is often done. No contrary authority, however, is cited so that this facet of the appeal will not be further pursued, Joly v. Safeway Stores, Inc., Wyo., 502 P. 2d 362, 365.

█ Appellant further asserts that the $700 attorney's fee is unreasonable because the claim was not rejected and that he had only asked that it be put in proper form. In the absence in this record of any demand for particulars on this claim and Edmonds' persistent insistence that this claim be amended to his personal standards, we see no serious question raised by this contention. The instrument entitled "Offer to Submit Matter Without Formal Proof" signed and filed by Edmonds "offers to submit said issue of attorney's fee to the court without formal proof," and reserves the right to object to a finding that any fee is due and to any amount this court may find reasonable. This may seem adroit, but in face of his failure to submit any proof as to the reasonableness, the trial court's determination of reasonableness must stand, Bosko v. Pitts & Still, Inc., 75 Wash.2d 856, 454 P.2d 229, 236;

McCune v. Dynamics Research, Inc., 8 Ariz.App. 13, 442 P.2d 550, 553, 43 A.L.R. 3d 813; 11 C.J.S. Bills and Notes § 726e, p. 278; 7 C.J.S. Attorney and Client § 191d, p. 1093.

The judgment is therefore reversed and remanded for trial and disposal upon the first count and affirmed in all particulars as to the second count.