Clearpointe Capital, Inc., Plaintiff-Respondent,
v.
Rickey Townsend, Defendant-Appellant.
No. 03-1487.
Court of Appeals of Wisconsin.
Opinion Filed: June 17, 2004.
¶1 DEININGER, P.J.[1]
Rickey Townsend appeals a small claims replevin judgment entered in favor of Clearpointe Capital, Inc., granting it the right to possession of a manufactured home that had secured a retail installment contract on which Townsend had defaulted. Townsend claims the circuit court erred when it: (1) denied his motion to dismiss for lack of subject matter jurisdiction; (2) granted Clearpointe's motion for summary judgment; and (3) failed to prevent Clearpointe from taking possession of the manufactured home during the pendency of this appeal. We affirm.

BACKGROUND
¶2 The following background facts are taken from Clearpointe's complaint and an affidavit filed in support of its summary judgment motion. Townsend has not disputed any of the material allegations and averments. Townsend signed a "Manufactured Home Retail Installment Contract and Security Agreement" for the purchase of a manufactured home. The contract identified Townsend as the buyer, Steenberg Homes, Inc. as the seller, and Clearpointe as the assignee. Clearpointe held a perfected security interest in the manufactured home. Townsend made regular monthly payments on the home for about three years but, after he missed two consecutive monthly payments, Clearpointe served Townsend with a "Notice of Default and Right to Cure Default." The notice identified the past due amounts, the need for proof of insurance, and the means by which Townsend could cure the default. Townsend did not cure, and Clearpointe commenced this consumer replevin action, pursuant to WIS. STAT. § 425.205, seeking to recover possession of the manufactured home and the costs and disbursements incurred in pursuing this action.
¶3 Townsend filed a motion to dismiss in which he asserted that: the circuit court lacked subject matter jurisdiction because the value of the home exceeded the small claims court limitation of $5,000; he should not have to pay Clearpointe's costs and disbursements; the complaint was deficient for failing to include an affidavit from the corporate agent who signed it that identified the signer as a full-time employee of Clearpointe; and he was entitled to assistance with his defense under the Americans with Disabilities Act. Townsend further contended that Clearpointe lacked standing to enforce the installment contract because it had not signed it and, in any event, by its terms, the contract was enforceable only through arbitration. Clearpointe countered with a summary judgment motion, asserting that Townsend had failed to deny or contest any of the material facts entitling it to possession of the mobile home.
¶4 The circuit court denied Townsend's motion to dismiss in its entirety, found that Townsend did not dispute any of the facts set forth in Clearpointe's complaint and affidavit, and determined that Clearpointe was entitled to judgment as a matter of law. Accordingly, the court granted Clearpointe's summary judgment motion. Shortly after docketing the replevin judgment, Clearpointe obtained a Writ of Replevin and repossessed the manufactured home. Approximately three weeks later, Townsend filed a "Writ of Mandamus" reiterating his arguments set forth in his motion to dismiss, and seeking to enjoin Clearpointe from taking possession of the home. The trial court denied Townsend's "writ" when he did not appear at the hearing on it. Townsend appeals, pro se.[2]

ANALYSIS
¶5 We review both the denial of a motion to dismiss and the grant of a summary judgment motion de novo. Eternalist Found., Inc. v. City of Platteville, 225 Wis. 2d 759, 769-70, 593 N.W.2d 84 (Ct. App. 1999). Our inquiry for each begins at the same place: we first examine the complaint to determine whether a claim for relief is stated. Id. In doing so, we liberally construe the pleadings and accept as true all facts pleaded by the plaintiff and all inferences that can reasonably be derived from those facts. Id. Dismissal is appropriate only if it is clear that under no circumstances can the plaintiff recover. Hartridge v. State Farm Mut. Auto. Ins. Co., 86 Wis. 2d 1, 4-5, 271 N.W.2d 598 (1978).
¶6 Townsend first argues that Clearpointe has failed to state a claim upon which relief can be granted. The complaint in an action commenced pursuant to WIS. STAT. § 425.205 must conform to the requirements of WIS. STAT. § 425.109. Section 425.205(3). Section 425.109(1) sets out various requirements a creditor's complaint must meet to enforce a cause of action based on a consumer credit transaction. Townsend does not point to any specific deficiencies in Clearpointe's complaint. Instead, he makes a general assertion that Clearpointe cannot maintain its action because it failed "to q[uo]te case law against [him]."
¶7 Clearpointe's complaint identifies the consumer credit transaction, describes the collateral it seeks to recover, specifies the facts constituting the default alleged against Townsend, states the amount of money it claims to be entitled to recover, states that Townsend has the right to redeem and the amount required to effectuate redemption, states the amount of the deficiency claim available to Clearpointe should Townsend fail to redeem, states that Townsend failed to avail himself of the right to cure, and attaches a copy of the contract, proof of Clearpointe's perfected security interest, and a copy of the notice of default and right to cure provided to Townsend. We are satisfied that Clearpointe's complaint meets the requirements of WIS. STAT. § 425.109 and, accordingly, has stated a claim upon which relief may be granted.
¶8 Townsend next argues that Clearpointe lacks standing to enforce the installment contract because it was not a signatory to the contract. The doctrine of standing requires "a party [to have] a sufficient stake in an otherwise justiciable controversy to obtain judicial resolution of that controversy." State ex rel. First Nat'l Bank of Wis. Rapids v. M&I Peoples Bank of Coloma, 95 Wis. 2d 303, 307-08, 290 N.W.2d 321 (1980) (citation omitted). Where a plaintiff's right to recover depends on an assignment, the plaintiff must prove the assignment was valid in order to establish that he has a legal right to bring suit. See Felger v. Kozlowski, 25 Wis. 2d 348, 350, 130 N.W.2d 758 (1964). Contracts are generally assignable as long as the assignment does not materially change the duties or risks of the debtor, and as long as assignment is not prohibited by statute, public policy, or language within the contract itself. See J.G. Wentworth v. Callahan, 2002 WI App 183, ¶9, 256 Wis. 2d 807, 649 N.W.2d 694, review denied, 2002 WI 121, 257 Wis. 2d 120, 653 N.W.2d 891 (Wis. Oct. 21, 2002) (No. 01-2756).
¶9 In addition, the Wisconsin Consumer Act contemplates that consumer credit transactions may be assigned, provided certain requirements are met. See WIS. STAT. §§ 422.407 and 422.409. We conclude that the original installment contract Townsend signed provided him with sufficient notice of assignment and complies in all other respects with the requirements of § 422.409. It clearly identifies "Steenberg Homes, Inc." as the "Seller" and "Dealer," and "Clearpointe Capital, Inc." as the "Assignee" and "Financial Institution". It also provides an address for each party. In addition, the contract clearly describes the manufactured home covered by the contract, as well as the number, amount, and periods of payments scheduled to repay the indebtedness. Beneath Townsend's signature is a paragraph titled "Assignment By Seller" that contains language mostly dealing with warranties and indemnification between Steenberg and Clearpointe. However, it also assures Townsend that Clearpointe is subject to all claims and defenses which Townsend could assert against Steenberg, and provides that the "[s]eller, by signing below, executes this Contract and also assigns the same to Assignee in accordance with the foregoing provisions." On the signature line, a manager with Steenberg executed the contract and, simultaneously, assigned Townsend's debt to Clearpointe. Finally, Townsend's duties and risks under the assigned contract are identical to those under the original contract.
¶10 The only deficiency Townsend alleges regarding the assignment of his contract to Clearpointe is the fact that the contract does not bear a signature of a Clearpointe representative. Townsend has pointed to no proper legal authority for the proposition that an assignee's signature is necessary to effectuate an assignment and we are aware of none. We discern no infirmities with the assignment, nor any statute, public policy, or language within the contract itself that would prohibit it. Accordingly, Clearpointe has standing to enforce its terms.
¶11 Finally, Townsend contends that the small claims court lacked "subject matter jurisdiction" because the value of the collateral exceeded $5,000. He is incorrect. Townsend relies on WIS. STAT. § 799.01(1)(c), which limits small claims actions for replevin under WIS. STAT. §§ 810.01 to 810.13 to those in which the value of the property does not exceed $5,000. WISCONSIN STAT. § 425.205(1), however, creates an exception to § 799.01(1)(c) for consumer credit transactions, specifying that "a creditor seeking to obtain possession of collateral... shall commence an action for replevin ... in accordance with ch. 799, notwithstanding s. 799.01(1)(c) and the value of the collateral or leased goods sought to be recovered." Townsend does not dispute that the contract is a consumer credit transaction subject to § 425.205(1), or that the property being replevied, the manufactured home, is collateral securing the retail installment contract. The small claims court was thus "competent" to hear Clearpointe's replevin action. See Bank of Spring Valley v. Wolske, 144 Wis. 2d 762, 765-66, 424 N.W.2d 744 (Ct. App. 1988).
¶12 We therefore conclude the trial court did not err in denying Townsend's motion to dismiss.[3] We thus turn to whether it erred in granting summary judgment to Clearpointe. We have concluded above that Clearpointe's complaint adequately stated a claim. Summary judgment methodology requires that we next examine the pleadings, affidavits, and related filings to determine whether there is any genuine material factual dispute. See Maynard v. Port Publ'ns, Inc. 98 Wis. 2d 555, 558, 297 N.W.2d 500 (1980). Summary judgment is proper when the pleadings, answers, admissions and affidavits show no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Id. We will reverse a decision granting summary judgment only if we determine that either (1) material facts are in dispute, or (2) the circuit court incorrectly decided legal issues. Coopman v. State Farm Fire & Cas. Co., 179 Wis. 2d 548, 555, 508 N.W.2d 610 (Ct. App. 1993). We conclude neither is the case here.
¶13 Townsend asserts, somewhat inconsistently, that in granting summary judgment, the circuit court "ignor[ed] [his] ... Statement of Issues presented to the court," and also that it was error for the circuit court to "solely rel[y] on the Statement of Issues to make [its] decision instead of the Memorandum of Law." Townsend, however, maintained in the trial court that both his "Memorandum of Law" and his "Statement of Issues" were filed as support for his motion to dismiss, not in opposition to Clearpointe's summary judgment motion. He did not file any briefs or affidavits in opposition to Clearpointe's summary judgment motion, although he presented oral argument in opposition at the motion hearing.
¶14 We conclude that, even if the circuit court had considered the arguments set forth in Townsend's "Memorandum of Law" and "Statement of Issues" in relation to the summary judgment motion, the result would not have been different. We have considered the documents in our de novo review, but find nothing in them to support Townsend's contention that Clearpointe was not entitled to summary judgment.
¶15 Townsend's trial court arguments in opposition to Clearpointe's motion are equally unavailing, as are his arguments to this court, which largely repeat the former. At the motion hearing, Townsend argued that the manufactured home was "used as a weapon of mass destruction against" him, that it was needed as evidence in another proceeding, that he believed he was a renter and not an owner of the home, that he did not understand "this affidavit thing", and that he believed the case should be allowed to go to trial "so [he] can have some kind of discovery ... to prove [his] side of the case." We agree with the circuit court that Townsend has not pointed to any evidence that places in dispute any of the material facts that constitute Clearpointe's consumer replevin claim. Townsend also has not cited, and neither have we found, any law that would permit us to conclude that Clearpointe was not entitled to a judgment of replevin as a matter of law. Accordingly, we conclude that the trial court did not err in granting summary judgment.[4]
¶16 Finally, we address Townsend's assertion that Clearpointe violated his right to appeal by taking possession of the manufactured home despite Townsend's pending appeal. As with his other contentions, there is no merit to Townsend's challenge to Clearpointe's enforcement of its judgment during his appeal. Under WIS. STAT. § 808.07(1), "[a]n appeal does not stay the execution or enforcement of the judgment or order appealed from except as provided [in § 808.07] or as otherwise expressly provided by law." Townsend failed to request a stay, see § 808.07(2), and the circuit court is under no obligation to grant one sua sponte. Townsend did file a "writ of mandamus," but we cannot see how the circuit court could have reasonably construed the document as a motion for a stay pursuant to § 808.07(2). Even if it had, however, Townsend failed to appear at the hearing on his "writ," and cannot now complain of the court's dismissal of it. Even if Clearpointe's prompt repossession of the collateral destroyed "evidence pertaining to the commission of a crime committed against [Townsend]," as he also contends, any injury suffered by Townsend results from Townsend's failure to properly request a stay.[5]

CONCLUSION 
¶17 For the reasons discussed above, we affirm the judgment of the circuit court.
By the Court.  Judgment affirmed.
NOTES
[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(a) (2001-02). All references to the Wisconsin Statutes are to the 2001-02 version unless otherwise noted.
[2] Townsend also appeared pro se in the trial court. As on appeal, Townsend's arguments in the trial court were not well elucidated nor well supported by relevant legal authority. We note that the trial court patiently considered Townsend's arguments and made a good-faith effort to ascertain whether he had identified any potentially meritorious defenses to Clearpointe's replevin action. We have attempted to do likewise in this appeal, but like the trial court, we find none.
[3] Townsend asserts, for the first time in his reply brief, that the installment contract and subsequent assignment to Clearpointe was a "scheme" between Clearpointe and Steenberg to "unlawfully procure a sale on the Manufactured Home to ... Townsend" because he is African American and disabled, and further that Steenberg made "misrepresentations of certain facts" to induce him to enter into the contract. Not only do we not ordinarily address issues first raised in a reply brief, Swartwout v. Bilsie, 100 Wis. 2d 342, 346 n.2, 302 N.W.2d 508 (Ct. App. 1981), we have been unable to locate any place in the record where Townsend made these claims in the trial court. Accordingly, we deem the issues waived and do not address them. See Wirth v. Ehly, 93 Wis. 2d 433, 443-44, 287 N.W.2d 140 (1980).
[4] We note that on appeal, Townsend asserts that he "left the Manufactured Home for health and safety reasons." Even if true, we fail to see how this is relevant to Clearpointe's entitlement to possession of the collateral. Nothing in the terms of the installment contract allows for its rescission or a suspension of payments for "health and safety reasons," and Townsend's obligation to pay for the home is not contingent on his maintaining residency in it.
[5] Townsend also complains that he was denied the right to present evidence on two scheduled court dates, December 2, 2002, and January 2 (or possibly January 15), 2003, and he objects to the appearance of Attorney Jeffrey Huttenburg on behalf of Clearpointe when the complaint was filed and signed by Kelly Furlong. As with Townsend's other complaints, neither of these has merit.

The record reflects that both parties appeared at the December return date, at which the parties were encouraged to informally negotiate a resolution of Clearpointe's claims. They were not able to do so and, accordingly, the matter was set for trial. Neither party was afforded an opportunity to present evidence at the December return date because it was not intended as an evidentiary hearing but a time to join issue, explore settlement, and schedule further proceedings as necessary. With regard to the originally scheduled January trial date, correspondence in the record from Wood County Circuit Court Judge James Mason and Court Reporter Catherine M. Sosnowki indicates that, despite the presence of a docket entry, no trial was in fact held because Townsend had filed a request for the substitution of Judge Mason.
Finally, Ms. Furlong signed the complaint as Clearpointe's agent and later provided an uncontested affidavit in support of Clearpointe's summary judgment motion asserting that she was a "full-time employee of ... Clearpointe," and that she had personal knowledge of the facts alleged. Thus, she had standing as a Clearpointe employee to commence the suit. See WIS. STAT. § 799.06(2). Attorney Huttenburg filed a notice of appearance on January 2, 2003, and thereafter represented Clearpointe in the case. Accordingly, Ms. Furlong was not required to be present to represent the corporation at the motion hearing on April 14.