BAUER, Circuit Judge.
This case arises from a dispute between John Bettendorf and St. Croix County over the zoning of Bettendorf’s property. Pursuant to an ordinance enacted by the County in 1985, a portion of Bettendorf's land was re-zoned from agricultural-residential to commercial. The ordinance contained a condition that the parcel would revert to agricultural-residential upon the death of Bettendorf or by Bettendorf’s transfer of the parcel to a new owner.
In 2004, Bettendorf filed an action in the Circuit Court for St. Croix County seeking a declaratory judgment that the conditional language was void and should be stricken from the ordinance. The circuit court found in favor of Bettendorf; on appeal, the Wisconsin Court of Appeals held the ordinance void in its entirety. In July 2007, the circuit court entered a revised judgment and order rescinding the commercial zoning of the disputed parcel in accordance with the Court of Appeals’ decision. The County complied with the order and rescinded the commercial permit. The case comes to us from the Western District of Wisconsin; Bettendorf is alleging constitutional rights violations in connection with the County’s rescinding the commercial zoning designation. After reviewing the district court’s grant of sum *424 mary judgment in favor of the County de novo, we affirm for the reasons set forth below.
I. BACKGROUND
John Bettendorf owns property located in St. Croix County, a municipal entity and local government under Wisconsin law. When Bettendorf acquired the property, it was zoned agricultural-residential. In 1972, he began to operate a carpet sales and installation business out of his basement. By 1974, he was also operating an excavating company and a trucking company on the property.
In December 1984, Bettendorf applied to the St. Croix County Planning, Zoning, and Parks Committee to re-zone a portion of his property to commercial so that he could operate a trucking terminal there. The committee approved the request on condition that the commercial re-zoning was only for Bettendorf s use and was not transferable. The committee’s recommendation to grant a limited permit for Bettendorf to use the property for commercial activity was adopted and embodied in St. Croix County Ordinance No. 108(85) (1985). Bettendorf used the property in a commercial manner after the ordinance was enacted but his counsel at oral argument stated that he has discontinued such use since the ordinance was invalidated.
II. DISCUSSION
Bettendorf argues that the County’s removal of the commercial zoning designation following the Court of Appeals’ decision to invalidate the 1985 ordinance constitutes a taking. He also contends that the state court proceedings and resulting decision by the County to revoke the ordinance it had granted in 1985 did not provide adequate substantive and procedural due process protections. We disagree.
A. State Law Takings Claim
It is well-settled that to establish a regulatory taking for which just compensation is required under the Fifth Amendment and under Wisconsin law, the challenged government action must deprive a landowner of “all or substantially all practical uses of the property.” Eternalist Foundation, Inc. v. City of Platteville, 225 Wis.2d 759, 773, 593 N.W.2d 84 (1999).[1] “All or substantially all” sets a high bar for a plaintiff to recover on a takings claim. A regulatory or “constructive” taking will only be found where a government regulation has “rendered the property practically useless for all reasonable purposes.” Zealy, 194 Wis.2d at 708, 534 N.W.2d 917. The factors to be considered in determining whether a constructive taking has occurred include: (1) the nature of the government regulatory scheme, (2) the severity of the economic impact on the challenging landowner, and (3) the degree of interference with the landowner’s anticipated and distinct investment opportuni *425 ties. Concrete Pipe and Prods., Inc. v. Construction Laborers Pension Trust, 508 U.S. 602, 644-46, 113 S.Ct. 2264, 124 L.Ed.2d 539 (1993); Zealy, 194 Wis.2d at 710, 534 N.W.2d 917. Bettendorf urges us to reverse the district court because it did not adequately consider the third factor. We believe it did.
The Takings Clause presupposes government interference with one’s property rights in pursuit of a public purpose. Lingle v. Chevron, 544 U.S. 528, 543, 125 S.Ct. 2074, 161 L.Ed.2d 876 (2005). As Judge Crabb noted in her opinion, Bettendorf freely agreed to the conditional zoning provision. Any improvements Bettendorf made to his property were completed with full knowledge that the commercial designation would ultimately be lost. Bettendorf knew the conditional language of the ordinance restricted his ability to recoup the value of his commercial investments when he was ready to sell and therefore petitioned the County to make the rezoning permanent. When the County refused, it was Bettendorf who initiated litigation in order for the circuit court to construe the limits of the ordinance. While he hoped the litigation would result in a decision giving him greater freedom than the ordinance afforded him, the result instead limited the freedom he had previously enjoyed. That was a risk he assumed in asking the court to interpret the scope and validity of the ordinance, not a government interference with his investment opportunities.[2]
In concluding our discussion of the takings claim, we note that while Bettendorf did suffer as a result of losing the commercial designation to which he had grown accustomed, he retains full use of his property for agricultural and residential purposes. The County’s action does not render the property “practically useless,” as the takings jurisprudence requires. Rather, it restores the land to its intended use at the time Bettendorf acquired it. Finding no government intrusion and no deprivation of all or substantially all practical use of Bettendorfs property, we cannot find a compensable taking.
B. Due Process Claims
We now turn to Bettendorfs argument that substantive and procedural deficiencies violated his constitutional right to due process.
Specifically, Bettendorf claims he was “denied the protection of the substantive legal standards that would have been applied to a change in zoning, as well as deprived of his right to a public hearing and consideration by the appropriate municipal decision makers.” He contends the County deprived him of this right by failing to grant a petition for a complete rezoning of his property when the validity of the commercial designation and its conditional language came into dispute. In sup *426 port of this argument, Bettendorf directs the Court to Chapter 17 of the St. Croix County Code of Ordinances for Land Use and Development. Under Section 17.70(6)(a) of the Code, appeals of administrative zoning decisions may be brought by persons aggrieved by those decisions or by representatives of the County, so long as the appeal is made within a reasonable time. If the County were to revoke the commercial zoning permit it previously granted Bettendorf, as it did in this case, he argues the appropriate mechanism should have been the process outlined in the St. Croix County Code rather than the state court litigation that ultimately decided the matter.
Bettendorf correctly states that the Fourteenth Amendment protects against state action that deprives a person of property without due process of law and that such protection extends to action taken by municipalities such as St. Croix County. However, as the Court of Appeals of Wisconsin has noted, “A plaintiff who wishes to pursue a claim for an alleged violation of the right to substantive due process embarks on a difficult undertaking, especially if the claim involves zoning or other real property regulatory actions by a governmental body.” Eternalist, 225 Wis.2d at 775, 593 N.W.2d 84.
At the outset, we note Judge Crabb’s observation in the district court opinion that “it is not easy to make out what federal claims [Bettendorf] is raising.” In his brief before this Court, Bettendorf conflates substantive and procedural due process, stating that the facts and the law supporting both claims are “largely indistinguishable.” We disagree with this characterization. Substantive due process is implicated in cases like the one before us only when “a municipal body’s adverse decision in a zoning matter ... is arbitrary, oppressive, or unreasonable.” Id. at 776, 593 N.W.2d 84. In contrast, procedural due process focuses on the “form of the procedures that the government must afford an individual” given the “particularities of the situation.” Doe v. Heck, 327 F.3d 492, 526 (7th Cir.2003), citing Doyle v. Camelot Care Centers, Inc., 305 F.3d 603, 618 (7th Cir.2002). While the former relates to the propriety of the decision itself, the latter is concerned with the manner in which a decision is made. As this Court has said repeatedly, the two are not to be confused. Tun v. Whitticker, 398 F.3d 899, 902 (7th Cir.2005); Dunn v. Fairfield Community High School, District No. 225, 158 F.3d 962 (7th Cir.1998).
1. Substantive Due Process
Bettendorfs argument primarily focuses on procedural due process, but since he has also put substantive due process at issue, we will briefly address why he fails to make out a compensable claim for a substantive due process violation.
Substantive due process is admittedly an “amorphous” concept. Tun, 398 F.3d at 900. It is perhaps for this reason that its scope remains “very limited.” Id. at 902 (citing Washington v. Glucksberg, 521 U.S. 702, 117 S.Ct. 2258, 138 L.Ed.2d 772 (1997)). A government entity must have exercised its power without reasonable justification in a manner that “shocks the conscience” in order for a plaintiff to recover on substantive due process grounds. Tun, 398 F.3d at 902 (quoting Rochin v. California, 342 U.S. 165, 72 S.Ct. 205, 96 L.Ed. 183 (1952)).
The County’s decision to revoke the commercial designation can hardly be considered conscious-shocking or arbitrary. After all, the action came in response to a judgment and court order invalidating the ordinance which purported to give Betten *427 dorf the right to exploit his property for a commercial purpose. In our view, noncompliance with the court order would have been more problematic than what resulted here. Since the County was merely complying with a judgment from the Wisconsin Court of Appeals, we find that the action taken was utterly reasonable and not a violation of substantive due process.
If Bettendorf is arguing that the County’s actions took away his property rights in an arbitrary and capricious way without compensating him for the loss, the proper constitutional rubric to consider would be the takings jurisprudence, which we have already discussed and do not find applicable here. Finding no taking and no violation of substantive due process, we now turn to the last question in this case, namely whether state court litigation provided adequate process, given that the County had its own alternative procedures for resolving zoning disputes.
2. Procedural Due Process
In order to prevail on a procedural due process claim, a property owner must show that he was deprived of a full and fair hearing to adjudicate his rights. Where a claimant has availed himself of the remedies guaranteed by state law, due process is satisfied unless he can show that such remedies were inadequate. Hudson v. Palmer, 468 U.S. 517, 539, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984). The fundamental requirement is an “opportunity to be heard ... ‘granted at a meaningful time and in a meaningful manner.’ ” Parrott v. Taylor, 451 U.S. 527, 540, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981) (quoting Armstrong v. Manzo, 380 U.S. 545, 552, 85 S.Ct. 1187, 14 L.Ed.2d 62 (1965)). As this Court has noted, due process is “flexible, requiring different procedural protections depending upon the situation at hand.” Doyle, 305 F.3d at 618. For the reasons below, we find Bettendorf was afforded adequate process in the state court system and will not reverse on procedural due process grounds.
In this case, the plaintiff himself initiated state court review of the ordinance which was ultimately held invalid. Knowing that the County’s position on appeal was that the ordinance was invalid in its entirety, Bettendorf was on notice that the ordinance could be struck down and his commercial rights rescinded. Nothing in the record indicates that he was denied a full and fair opportunity to rebut the County’s position before the Wisconsin Court of Appeals. Bettendorf claims the state court process was inadequate, but he initiated that process himself and could have instead chosen to confine the proceedings to the appeals process set forth in the St. Croix County Code. The fact that he bypassed an appeals process which he now suggests must be followed as a matter of constitutional fairness seriously undermines his argument that the state court process was deficient. Against the backdrop of events leading up to this Court’s decision, Bettendorfs procedural due process argument strikes us as a last ditch effort to undo the adequate process because it did not produce the anticipated result.
As Judge Crabb put it, the fact that an alternative remedy existed in the St. Croix County Code is “irrelevant.” So long as a separate, constitutionally adequate path was employed, there can be no procedural due process violation under the flexible standards that govern. The Circuit Court for St. Croix County was asked to construe the validity of an ordinance, a task well within its discretion. The County appealed and the Wisconsin Court of Appeals responded with a reasoned and *428 thorough analysis of the ordinance and its scope.
Bettendorf now claims the appeals process outlined in the County Code would have provided more or better process than the state court proceedings. This is speculative. It is also irrelevant. The due process clause requires that a claimant receive adequate process, not the most advantageous process available to him. In any event, we agree with the County that if Bettendorf thought the County’s process was superior to litigating in state court, the option to pursue that path was available to him when the County denied his request to make the commercial re-zoning permanent. Having chosen the constitutionally sound path of state court litigation, Bettendorf must now live with the consequences of that choice.
III. CONCLUSION
Finding no taking and no violation of substantive or procedural due process, we Affirm.

. Bettendorf argues that Eternalist is not an accurate statement of Wisconsin takings law and criticizes the district court for discussing federal takings law in its opinion. However, since the Wisconsin courts seem to equate their state's takings jurisprudence with federal takings law, we decline to discuss any potential distinctions any further. See, e.g., Wisconsin Medical Society, Inc. v. Morgan, 328 Wis.2d 469, 787 N.W.2d 22, 33 (2010) (holding that the Wisconsin Supreme Court will “generally apply the same standards that are used to determine whether a taking occurred under the Fifth Amendment to the United States Constitution” when deciding whether a taking has occurred under the Wisconsin Constitution); Zealy v. City of Waukesha, 194 Wis.2d 701, 709, 534 N.W.2d 917 (1995) (holding that there is "no difference” between the takings law of Wisconsin and federal takings law).

. Bettendorf also argues that he had "vested rights” to his own commercial use of the property. As this Court has noted, "property interests are created and defined by an independent source, such as a contract or state law.” General Auto Service Station v. City of Chicago, 526 F.3d 991, 1000 (7th Cir.2008). In the General Auto Service Station case, we acknowledged that, under Illinois state law, a property owner can acquire a property interest in continuing a land use that was lawful when commenced and was later rendered unlawful. Id. Whether Wisconsin similarly protects its property owners is a matter of Wisconsin state law. Since Bettendorf only vaguely refers to the concept of "vested rights,” we decline to exercise jurisdiction over any potential vested rights claim. In so doing, we follow the example set by this Court in Petra Presbyterian Church v. Village of Northbrook, 489 F.3d 846 (7th Cir.2007). In that case, the Court affirmed the district court’s dismissal of an Illinois "vested rights” claim for lack of jurisdiction. The Court also found no basis for a viable federal "vested rights” claim. Id. at 848-89.