NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 15, 2018[*]
Decided August 15, 2018

**Before**

MICHAEL S. KANNE, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 18-1376

| | |
|---|---|
| NANCY A. DAW and STEPHEN L. HOBACK, <br> *Plaintiffs-Appellants*, <br><br> *v.* <br><br> CONSOLIDATED CITY OF INDIANAPOLIS <br> AND MARION COUNTY, <br> *Defendant-Appellee.* | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. <br><br> No. 1:16-cv-02550-JMS-DML <br><br> Jane E. Magnus-Stinson, <br> *Chief Judge*. |

**O R D E R**

Nancy Daw and Stephen Hoback sued the City of Indianapolis for violating their procedural and substantive due-process rights by seizing a portion of their property through eminent-domain proceedings in state court. The district court, noting that Daw and Hoback had been defendants in the state-court proceedings, construed their

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

complaint as challenging the validity of the state court's judgment for the City and dismissed the suit without prejudice under the *Rooker–Feldman* doctrine. We affirm.

Daw and Hoback owned Lot 7, land on which their home sits that "abuts the platted vehicular turnaround area of the public cul-de-sac street." After obtaining a survey of their property in connection with a property-tax dispute, Daw and Hoback learned that their lot included part of the street in front their house that the public used. Deciding to exclude the public from the street portion of their lot, they first placed logs over the edge of this land and later used a sledgehammer to destroy the asphalt.

After the demolition and considerable discussion among the plaintiffs, their neighbors, and the Department of Public Works, the City sought to use eminent domain to condemn the destroyed portion of the street and expand the street's turnaround. But before going to state court, the City did not comply with municipal ordinances governing changes in street layouts (requiring public notice, a hearing, and the approval of a city commission for any proposed change). The City filed a condemnation lawsuit in state court and, according to Daw and Hoback, named "Blue Diamond Revocable Trust" (of which they were trustees), but not them individually, as the defendant. They entered appearances on behalf of the trust, but not themselves. Daw and Hoback say that they received notice to appear at a court hearing but did not have an opportunity to "be heard." The court ultimately entered judgment for the City and ordered it to pay $7,500 for the property.

About two years after the state court entered judgment, Daw and Hoback sued the City under 42 U.S.C. § 1983. In their second amended complaint, they alleged that they, as individuals, had owned Lot 7 and that the City violated their procedural due-process rights by defying the requirements of the municipal ordinances and by taking their property without their participation in the state-court case. They also asserted that the City violated their substantive due-process rights by taking a portion of Lot 7 "[w]ithout reasonable justification." Among other relief they requested a declaration that the state-court judgment was "void."

The City moved to dismiss the complaint for failing to state a claim for relief. *See* FED. R. CIV. P. 12(b)(6). The district court interpreted the complaint as a challenge to the state-court eminent-domain judgment, which it viewed as the source of the plaintiffs' alleged injuries (including the inability to exclude the public from a portion of "their" property). It therefore dismissed the complaint, concluding that the *Rooker–*

*Feldman* doctrine stripped the court of subject-matter jurisdiction. *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 416 (1923). In reaching this decision, the district court took judicial notice of the state court's judgment against the Blue Diamond Revocable Trust, Daw, and Hoback. The district court noted that Daw and Hoback received proper notice of the lawsuit but did not file an "objection to the appropriation" of the property.

On appeal, Daw and Hoback argue that the district court wrongly took judicial notice of the state-court judgment. The district court did not err, however, because the state-court judgment was a matter of public record and therefore a permissible subject for judicial notice. *See Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012); *United States v. Wood*, 925 F.2d 1580, 1582 (7th Cir. 1991). And although Daw and Hoback assert otherwise, without support, the accuracy of the state-court judgment "cannot reasonably be questioned." FED. R. EVID. 201(b)(2). So we accept the details within the judgment over any contrary allegations in their complaint. *See Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1083 (7th Cir. 1997).

Daw and Hoback next contend that the district court erred in concluding that the *Rooker–Feldman* doctrine applied because they maintain that they were not "named as defendant parties" in the state-court litigation. They are correct that *Rooker–Feldman* is not a preclusion doctrine and cannot be applied against persons who were not parties to the state-court judgment. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *Arnold v. KJD Real Estate, LLC*, 752 F.3d 700, 705 (7th Cir. 2014). But the City named Daw and Hoback as individuals in the condemnation suit, and the judgment *does* list them as defendants. That they had decided not to participate as individuals, instead appearing only on behalf of the Blue Diamond Revocable Trust (the role of which has not been explained by any of the parties), is irrelevant. Daw and Hoback were "state-court losers" who cannot appeal the judgment to federal court. *Exxon Mobil Corp.*, 544 U.S. at 284.

Daw's and Hoback's assertions that the state court denied them the opportunity to participate in the eminent-domain proceedings and that the state court lacked "personal jurisdiction" over them challenge the validity of the judgment. As the district court concluded, "[t]his is precisely what the *Rooker–Feldman* doctrine prohibits." *See Exxon Mobil Corp.*, 544 U.S. at 284. Further, the label the plaintiffs place on their claim does not matter when they expressly assert that the judgment is "void." *See Holt*

*v. Lake Cty. Bd. of Comm'rs*, 408 F.3d 335, 336 (7th Cir. 2005) (ruling that plaintiff "cannot overcome the jurisdictional bar by styling his claim as a due process action").

Daw and Hoback also argue that the *Rooker–Feldman* doctrine does not apply to their allegations that the City's noncompliance with ordinances governing street modifications violated their procedural due-process rights. Their injuries (being denied the opportunity to oppose at a municipal hearing the City's proposal to condemn their property), they insist, occurred outside "of the condemnation proceedings in state court." Even if they are correct, the complaint nonetheless does not state a claim for relief. *See* FED. R. CIV. P. 12(b)(6); *Skiba v. Ill. Cent. R.R. Co.*, 884 F.3d 708, 718 n.4 (7th Cir. 2018) (appellate court may affirm on any basis supported in the record). A "local government does not violate the federal Constitution just because it violates a state or local law." *Taake v. Cty. of Monroe*, 530 F.3d 538, 541 (7th Cir. 2008) (internal citation and quotation marks omitted).

Finally, Daw and Hoback do not state a substantive due-process claim because they do not allege any conduct that plausibly suggests that the City acted "without reasonable justification in a manner that shocks the conscience." *Bettendorf v. St. Croix Cty.*, 631 F.3d 421, 426 (7th Cir. 2011) (internal quotation marks and citation omitted). Although Daw and Hoback allege that the City's decision lacks "reasonable justification," they also say that the City expanded the cul-de-sac "for the general welfare of … residents" as "a public street" and the "benefit [of] solid waste trucks to undertake" public-works projects. Taking action to further these purposes "can hardly be considered conscious-shocking or arbitrary." *Id.*

We have considered Daw's and Hoback's other arguments, and none has merit.

AFFIRMED